IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERARD K. DIGGS,            *

  v.                               *  CIVIL ACTION NO. PJM-11-1859

J. PHILLIP MORGAN           *
                                    ******

**MEMORANDUM OPINION**

On July 6, 2011, Petitioner Gerard K. Diggs, through counsel, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for murder and a related handgun offense entered in 1990. ECF No. 1. On July 11, 2011, Respondents filed an Answer which solely addressed the timeliness of Petitioner's application. ECF No. 3. Petitioner has not responded.

From May 29 to 31, 1990, Petitioner was tried before a jury in the Circuit Court for Wicomico County, Maryland. He was convicted of first-degree murder and use of a handgun in the commission of a crime of violence. ECF Nos. 1 & 3, Ex. 1. He was sentenced on July 20, 1990, to life imprisonment with a consecutive 18 year term for the handgun offense. *Id*. Petitioner noted a timely appeal. His conviction and sentence were affirmed by the Court of Special Appeals of Maryland in an unreported opinion on August 3, 1992. His request for review by the Court of Appeals of Maryland was denied on December 14, 1992. *Id*.

On September 10, 2004, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. He withdrew the petition without prejudice on January 27, 2005. *Id*., Ex. 1. He filed another petition for post-conviction relief on March 16, 2009. A hearing was held on December 22, 2009, and relief was denied on January 12, 2010. *Id.* Petitioner's motion to reopen the post-conviction proceedings, dated March 18, 2010, resulted in reissuance of the prior order denying relief on April

7, 2010. *Id*. Petitioner's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals on July 7, 2010. *Id*. Petitioner sought further review by the Court of Appeals of Maryland which was denied on October 22, 2010. *Id*.

Petitioner filed a motion to correct an illegal sentence on March 15, 2010. The motion was denied on March 30, 2010. Petitioner's appeal of the denial remains pending before the Maryland . Court of Special Appeals. *Id*.

Title 28 U.S. C. § 2244(d)[1] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations began to run in Petitioner's case on April 25, 1996 , and expired on April 24, 1997. *See Brown v. Angelone*, 150 F. 3d 370, 371-76 (4th Cir. 1998). Over seven years passed between the expiration of the statute of limitations and the filing for post-conviction relief. Petitioner had no state post-conviction or other properly filed collateral proceedings pending which would serve to toll the limitations period.

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[2] Petitioner offers no arguments in favor of the tolling of the limitations period, and fails to offer any explanation for the years of inactivity between the conclusion of his direct appeal and the beginning of post-conviction proceedings. Furthermore, he provides no explanation for the delay in filing the instant Petition after the conclusion of his state motion for modification. Lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA

---

[2] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

                                                  /s/
                                   PETER J. MESSITTE
October 6, 2011                      UNITED STATES DISTRICT JUDGE